IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENISE ARDOLINO-HILL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | 1:20-CV-1435-CC |
| | : | |
| KOHL'S DEPARTMENT STORES, | : | |
| INC., and SITE CENTERS CORP., | : | |
| f/k/a DDR CORP. (OHIO), d/b/a | : | |
| WOODSTOCK SQUARE, | : | |
| | : | |
| Defendants. | : | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on Ms. Ardolino-Hill's Motion to Remand

[Doc. No. 4].  For the reasons stated below, the Court grants the Motion to Remand.

## I.   BACKGROUND

On November 15, 2019, Plaintiff Denise Ardolino-Hill ("Plaintiff")

commenced this negligence case in the State Court of Cobb County, Georgia,

against Defendants Kohl's Department Stores, Inc. ("Kohl's") and Site Centers

Corp., f/k/a Ddr Corp. (Ohio), d/b/a Woodstock Square ("Site Centers").  Kohl's

initially removed the action to this Court on December 19, 2019, having received

no notification that Plaintiff had effected service of the Complaint for Personal

Injury Damages and Tort (the "Complaint") and the Summons upon Site Centers.

(Civil Action No. 1:19-cv-5713-TCB, Doc. No. 1.)  Following the initial removal, Site Centers moved to remand the case back to the State Court of Cobb County, based on its lack of consent to the removal.  (Civil Action No. 1:19-cv-5713-TCB, Doc. No. 13.)  The case was remanded on February 7, 2020.  (Civil Action No. 1:19-cv-5713-TCB, Doc. No. 21.)

On April 2, 2020, Defendants removed the action to this Court a second time, stating that the impediment to removal has been remedied.  (Doc. No. 1.)  In this regard, Kohl's and Site Centers are now represented by the same counsel, and Site Centers joins in the removal.  Defendants maintain that the case became removable following the filing of the substitution of counsel and that removal is thus proper pursuant to 28 U.S.C. § 1446(b)(3).  (Id. at ¶¶ 9-10.)

Asserting that all Defendants failed to express their consent to removal in a timely manner and that the second removal of the action is not in compliance with the 30-day period set forth in 28 U.S.C. § 1446(b)(1), Plaintiff moves the Court to remand the case back to the State Court of Cobb County.  Plaintiff likewise requests that the Court require Defendants to pay the costs and expenses that Plaintiff incurred as a result of the removal.

## II.   STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  <u>Kokkonen v. Guardian Life Ins.</u>

Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("district courts may not exercise jurisdiction absent a statutory basis"). Removal statutes are to be narrowly construed, and any uncertainties are to be resolved against removal. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). A defendant seeking to remove a case to federal court bears the burden of establishing that jurisdiction is proper. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Generally, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a).

The deadline to remove an action from state court is "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). All defendants in a suit who have been properly joined and served must consent to removal from state court to federal court. 28 U.S.C. §

1446(b)(2)(A).  Generally, each defendant must consent to removal within thirty days after being served with the initial pleading.  Id. § 1446(b)(2)(B); Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1209 (11th Cir. 2008).  If the initial pleading does not provide grounds for removal, a defendant may later file under § 1446(b)(3) a notice of removal "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The thirty-day time period set forth in § 1446(b) is strictly construed. See Haynes v. BAC Home Loan Servicing, LP, No. 1:16-CV-428-TWT-AJB, 2016 WL 4231707, at *7 (N.D. Ga. July 14, 2016), adopted by, 2016 WL 4177496 (N.D. Ga. Aug. 8, 2016).

III.    DISCUSSION

A.  Untimeliness of Second Removal and Site Centers' Consent

Kohl's was served with the Complaint and Summons in this action on November 21, 2019.  (Civil Action No. 1:19-cv-5713-TCB, Doc. No. 1-2. p. 2.)  Site Centers also was served with the Complaint and Summons on November 21, 2019. (Civil Action No. 1:19-cv-5713-TCB, Doc. No. 8.)  The face of Plaintiff's Complaint reflects that the action was removable from the outset based on diversity jurisdiction.  In this regard, the initial pleading made it apparent that Plaintiff's citizenship was diverse from both the respective citizenships of Kohl's and Site

Centers.  Further, Plaintiff sought in excess of $550,000 in the prayer for relief. Indeed, while Kohl's erroneously identified 28 U.S.C. § 1446(b)(3) as the statutory provision pursuant to which the Petition for Removal by Defendant was timely filed, the Petition for Removal by Defendant identified the Complaint as the document providing notice that the case was removable.  (Civil Action No. 1:19-cv-5713-TCB, Doc. No. 1 at ¶ 7.)  Thus, pursuant to 28 U.S.C. § 1446(b)(1) and (2), the latest date that this case could have been removed to federal court and that Site Centers could have consented to removal was on December 21, 2019.

As mentioned above, Kohl's removed the action within the 30-day time period on December 19, 2019, unaware of Plaintiff's service upon Site Centers and without Site Centers' consent.  However, the case was remanded because Site Centers made an appearance indicating that it had been served and stating that it did not join in or consent to the removal.  (Civil Action No. 1:19-cv-5713-TCB, Doc. Nos. 13, 21.)

Defendants argue that the case should not have been remanded previously. In support of this argument, Defendants maintain that Kohl's was not required to obtain Site Centers' consent because Plaintiff had not filed an affidavit of service for Site Centers and Site Centers had not entered an appearance or filed an answer on the state court docket.  To the extent Defendants are urging the Court to reconsider the original remand order, that cannot be done.  See Hill v. National

Ins. Underwriters, Inc., 641 Fed. Appx. 899, 903 (11th Cir. 2016) (stating that district courts are barred from reconsidering their own remand orders once they are issued). Thus, this Court will not address Defendants' contention that it was justified in its initial removal.

Defendants state in the most recent Petition for Removal by Defendants that the case became removable following the substitution of counsel filed on February 27, 2020, and that the Petition for Removal by Defendants was filed pursuant to 28 U.S.C. § 1446(b)(3). (Doc. No. 1 at ¶¶ 9-10.) Significantly, however, § 1446(b)(3) does not apply when, like here, the initial pleading was removable. Federal Home Loan Mortg. Corp. v. Goodrich, CIVIL ACTION NO. 1:12-CV-2467-AT, 2012 WL 13130034, at *1 n.1 (N.D. Ga. Aug. 27, 2012) (stating that § 1446(b)(3) does not apply when a case was removable based on the initial pleading); see also Hammett v. FCA US LLC, NO. 4:17-CV-578-A, 2017 WL 3971909, at *1 (N.D. Tex. Sept. 17, 2017) (same). Moreover, even if this case had not been removable previously, "a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 761 (11th Cir. 2010). Thus, Site Centers' refusal to consent to the first removal does not excuse the 30-day requirement in § 1446 that started running from the date Defendants received the Complaint and Summons,

and the filing of the substitution of counsel, which led to the belated consent of Site Centers to removal, did not trigger a new 30-day time period for removal.[1]

Defendants' second removal of the case on April 2, 2020, significantly exceeded the 30-day time period that Defendants had to remove the case following their receipt of the Complaint and Summons.  There has been no change in the parties to the case, and Site Centers' change in position and delayed consent do not create a circumstance that supports a subsequent removal in the face of a legitimate objection by Plaintiff on the grounds of untimeliness.  The Court agrees with Plaintiff that the second removal and Site Centers' consent to removal are untimely and that the case is subject to remand.

B.  Request for Attorneys' Fees

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).  "The

---

[1] Notably, even if the substitution of counsel did trigger a new 30-day time period, Defendants still did not file their second removal within 30 days of the filing of the substitution of counsel.  The substitution of counsel was filed on February 27, 2020, and the Petition for Removal by Defendants was not filed until 35 days later on April 2, 2020.

imposition of costs is not intended to punish the defendants or enrich the plaintiff. Rather, the purpose is to compensate the plaintiff for the actual and reasonable expenses incurred in order to obtain a remand of an improperly removed case." Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. 2001).

The Court agrees with Plaintiff that Defendants lacked an objectively reasonable basis for contending that the removal statute criteria were satisfied for this second removal.  The removal and Site Centers' consent to removal were plainly untimely, and Defendants have made no attempt to address the untimeliness issue.  Defendants cite to one unreported decision addressing successive removals, Beckstrom v. Acuity, No. 1:17-CV-4482-MHC, 2018 WL 6262927 (N.D. Ga. Jan. 29, 2018), but Defendants cite no authority that would have given them an objectively reasonable basis for believing the removal and Site Centers' consent were timely.  Accordingly, Plaintiff is entitled to an award of just costs and actual expenses incurred as a result of the removal by Defendants.

Plaintiff requests an attorney fee award in the amount of $7,910 for 22.6 hours of work at a rate of $350 per hour,[2] and Plaintiff's counsel has filed an affidavit in support of this request.  Plaintiff's counsel avers these hours were spent reviewing the Petition for Removal by Defendants, researching applicable law,

---

[2] Plaintiff sought to recover fees for 4 additional hours, assuming a hearing in the case would be necessary, but no hearing is needed.

and outlining, drafting, and editing Plaintiff's Motion to Remand and accompanying Memorandum of Law.  The Court finds that the hourly rate and the number of hours billed by Plaintiff's counsel are reasonable.  Therefore, the Court awards Plaintiff $7,910 in fees.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Ms. Ardolino-Hill's Motion to Remand [Doc. No. 4] and **REMANDS** this case back to the State Court of Cobb County.

Pursuant to 28 U.S.C. § 1447(c), the Court **AWARDS** Plaintiff $7,910 in fees incurred as a result of the removal.

SO ORDERED this 25th day of June, 2020.

_s/  CLARENCE COOPER_
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE